**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| POWER MANAGEMENT ENTERPRISES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:13-CV-640-JRG |
| FUJITSU AMERICA, INC. | § § | |
| Defendant. | § § | **JURY TRIAL DEMANDED** |

**DEFENDANT FUJITSU AMERICA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Fujitsu America, Inc. ("Fujitsu") respectfully submits its Answer and Affirmative Defenses to the Complaint ("Complaint") filed by Power Management Enterprises, LLC ("PME"), and states as follows:

**NATURE OF THE ACTION**

1.     In response to paragraph 1, Fujitsu admits that PME has filed a patent infringement action, in which PME contends that Fujitsu infringes U.S. Patent No. 5,895,485 and U.S. Patent No. 5,895,488 (respectively, the "'485 patent" and "'488 patent"). Fujitsu admits that the face of the '485 patent lists the title as "Method and Device Using a Redundant Cache for Preventing the Loss of Dirty Data" and the issuance date as April 20, 1999. Fujitsu admits that the face of the '488 patent lists the title as "Cache Flushing Methods and Apparatus" and the issuance date as April 20, 1999. Fujitsu admits that what appear to be the '485 and '488 patents are attached to the Complaint as Exhibits A and B. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1 and therefore denies the allegations.

## THE PARTIES

2.      Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 and therefore denies the allegations.

3.      In response to paragraph 3, Fujitsu admits that it is a California corporation with its principal place of business in Sunnyvale, California.  Fujitsu also admits that its registered agent in Texas is CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

4.      In response to paragraph 4, Fujitsu admits that this Court has subject matter jurisdiction over PME's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      In answer to paragraph 5, Fujitsu admits that for purposes of this action it is subject to jurisdiction in this Court.  Fujitsu further admits that it conducts business within the State of Texas, including the Eastern District of Texas.  Except as expressly admitted, Fujitsu denies the allegations in paragraph 5.

6.      In response to paragraph 6, Fujitsu admits that venue in this district is purportedly based on 28 U.S.C. §§ 1391 and/or 1400, but denies that this judicial district is the most convenient forum as to Fujitsu.

## OPERATIVE FACTS

7.      Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 and therefore denies the allegations.

8.      Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 and therefore denies the allegations.

9.      Fujitsu admits that paragraph 9 recites claim 6 of the '485 patent as issued by the United States Patent and Trademark Office ("PTO").  Except as expressly admitted, Fujitsu denies the allegations of Paragraph 9.

10.      Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 and therefore denies the allegations.

11.      Fujitsu admits that paragraph 11 recites claim 8 of the '488 patent as issued by the PTO.  Except as expressly admitted, Fujitsu denies the allegations of Paragraph 11.

12.      In answer to paragraph 12, Fujitsu admits that it uses, offers for sale, and/or sells disk storage products, including ETERNUS DX products.  Except as expressly admitted, Fujitsu denies the allegations of Paragraph 12.

13.      In answer to paragraph 13, Fujitsu denies the allegations contained in paragraph 13 of the Complaint.

14.      In answer to paragraph 14, Fujitsu admits that it uses, offers for sale, and/or sells computers; and that it offers for sale and/or sells Celsius H920 computers.  Except as expressly admitted, Fujitsu denies the allegations of Paragraph 14.

15.      In answer to paragraph 15, Fujitsu denies the allegations contained in paragraph 15 of the Complaint.

16.      Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 and therefore denies the allegations.

17.      Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 and therefore denies the allegations.

**COUNT ONE**
**ALLEGED INFRINGEMENT OF THE '485 PATENT**

18.     Fujitsu restates its answers as set forth in paragraphs 1 through 17 of this Answer and incorporates them by reference.

19.     In answer to paragraph 19, Fujitsu denies the allegations contained in paragraph 19 of the Complaint.

20.     In answer to paragraph 20, Fujitsu denies the allegations contained in paragraph 20 of the Complaint.

**COUNT TWO**
**ALLEGED INFRINGEMENT OF THE '488 PATENT**

21.     Fujitsu restates its answers as set forth in paragraphs 1 through 20 of this Answer and incorporates them by reference.

22.     In answer to paragraph 22, Fujitsu denies the allegations contained in paragraph 22 of the Complaint.

**PRAYER FOR RELIEF**

23.     Fujitsu denies that PME is entitled to any relief in this action and asks the Court to deny any and all of the relief requested by PME in its Complaint.

**DENIAL OF ANY REMAINING ALLEGATIONS**

Except as specifically admitted herein, Fujitsu denies any remaining allegations in the Complaint.

**AFFIRMATIVE DEFENSES**

Fujitsu incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses.  Fujitsu asserts the following defenses without assuming any burden that Fujitsu would not otherwise have, including without admitting or acknowledging that

it bears the burden of proof as to any of them.  Fujitsu reserves the right to amend its Answer with additional defenses as additional information becomes available.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

1.      Fujitsu does not infringe and has not infringed any valid and enforceable claim of the '485 or '488 patent, whether directly or indirectly, literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

2.      One or more claims of the '485 and '488 patent are invalid for failure to satisfy the conditions for patentability set forth in 35 U.S.C., including without limitation §§ 102, 103 and/or 112.

## THIRD AFFIRMATIVE DEFENSE
### (License)

3.      On information and belief, some or all of Fujitsu's products are licensed under the '485 or '488 patent, and/or are subject to the doctrines of patent exhaustion and express and/or implied license.

## FOURTH AFFIRMATIVE DEFENSE
### (Equitable Principles)

4.      PME's claims are barred in whole or in part under principles of equity, including laches, waiver, patent misuse, and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

5.      On information and belief, PME's claims are barred in whole or in part by estoppel, including, but not limited to, prosecution history estoppel arising from the patentee's actions, representations, or conduct before the United States Patent and Trademark Office during prosecution of the '485 or '488 patent.

## SIXTH AFFIRMATIVE DEFENSE
**(Notice, Damages, and Costs)**

6. On information and belief, PME's claims for damages against Fujitsu are statutorily limited by 35 U.S.C. §§ 286 and/or 287.

7. PME is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## SEVENTH AFFIRMATIVE DEFENSE
**(Improper Venue)**

8. On information and belief, venue in this judicial district is improper.

## EIGHTH AFFIRMATIVE DEFENSE
**(Sales to Government)**

9. On information and belief, PME's claims are limited by 28 U.S.C. § 1498.

## RESERVATION OF AFFIRMATIVE DEFENSES

10. Fujitsu hereby reserves the right to supplement additional affirmative defenses as discovery proceeds in this case.

## FUJITSU'S PRAYER FOR RELIEF

WHEREFORE, Fujitsu respectfully prays for relief as follows:

A. That the Court enter judgment in favor of Fujitsu and against PME on all claims for relief asserted against Fujitsu by PME, dismissing with prejudice any and all such claims and ordering that PME take nothing from Fujitsu as a result of PME's action

B. That the Court declare that this case is exceptional within the provisions of 35 U.S.C. § 285;

C. That the Court award Fujitsu its attorneys' fees and costs in this action; and

D. That the Court grant Fujitsu such other and further relief, general or special, legal or equitable, as the Court deems just and proper.

Dated: October 17, 2013

Respectfully submitted,

*Andy Tindel w/ permission of Lead Attorney*

KARL J. KRAMER – Lead Attorney
California State Bar No. 136433
CHRISTOPHER F. JEU
Texas State Bar No. 24050823
MICHAEL J. KRYSTON
California State Bar No. 260770
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
Telephone: 650-813-5600
Facsimile: 650-494-0792
Email:  kkramer@mofo.com
Email:  cjeu@mofo.com

ANDY TINDEL
Texas Bar No. 20054500
MT$^2$ LAW GROUP
Mann | Tindel | Thompson
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: 903-596-0900
Facsimile: 903-595-0909
Email: atindel@andytindel.com

ATTORNEYS FOR FUJITSU AMERICA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served this 17th day of October 2013, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.

*Andy Tindel*

Andy Tindel